UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WAYNE P. BUCHANAN,**

    **Plaintiff,**

                                            Case No. 1:04-CV-436
**v.**                                                 Hon. Gordon J. Quist

**GREEN MEADOW VILLAGE, L.L.C.,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Wayne P. Buchanan has filed a federal action pursuant to 42 U.S.C. § 3617 (the Fair Housing Act). This matter is now before the court on defendant's motion to dismiss pursuant to Fed. Rules Civ. Proc. 12 (docket no. 26). This matter has been referred to the undersigned for adjudication on a report and recommendation.

    **I.**    **Plaintiff's Amended Complaint**

Plaintiff has filed a multi-count amended complaint.[1] In Count I, plaintiff alleges that defendant pursued an unsuccessful eviction suit against him in retaliation for plaintiff's "attempting to inform neighbors of Fair and Equal Housing Rights, Civil Rights and Civil Liberties with brochures, booklets and handwritten Notices." In Count 2, plaintiff alleges that defendant harassed him and attempted to have him arrested by the United States Postal Inspector. In Count 3, plaintiff

---

[1] Plaintiff's amended complaint is designated "complaint" and appears as docket no. 12.

alleges that defendant, apparently through its manager and an attorney "proceeded with an improper purpose, by refusing to withdraw their intent to evict" in a state court case. In Count 4, plaintiff alleges that defendant, apparently through its manager and an attorney, "willfully denied discovery" in a state court suit. In Count 5, plaintiff alleges that defendant's new attorney used the judicial system to harass him by attempting to overturn a state court ruling that there was "no just cause" to evict him.

Attached to plaintiff's amended complaint is a copy of an order entered by the 63rd-2nd District Court, State of Michigan, Cause No. C030496LT, on August 18, 2003, in which the court apparently dismissed a claim brought by "Green Meadow Village" against plaintiff. Plaintiff has also attached a copy of a letter dated February 3, 2003, from an attorney representing "Green Meadow Village Mobile Home Park" to the Michigan Department of Civil Rights, which apparently relates to an attempted eviction of plaintiff from the mobile home park, and a claim filed by plaintiff with the Department of Civil Rights.

Plaintiff characterizes his claims as for malicious prosecution, abuse of process, "using the Judicial system to harass and disrupt my life," and intentional infliction of emotional distress Amended Comp. at pp. 2, 11, 12. Plaintiff seeks damages in the amount of $56,224.84. *Id.* at p. 13.

### II.   Defendant's motion to dismiss

Defendant has moved to dismiss plaintiff's amended complaint under an unspecified subsection of Fed. Rules Civ. Proc. 12. Defendant contends that this court has no jurisdiction over plaintiff's claims because (1) plaintiff has not alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) plaintiff has not alleged a violation of any federal law that would give rise to federal

2

jurisdiction pursuant to 28 U.S.C. § 1331. Defendant points out that plaintiff's allegation that this matter was removed from state court is without merit. Finally, defendant states that plaintiff's claims are "next to impossible" to discern, and contends that the case should be dismissed for failure to state a claim upon which relief may be granted.

### III.   Standard of review

Defendant apparently seeks dismissal pursuant to Fed. Rules Civ. Proc. 12(b)(1) (lack of jurisdiction over the subject matter) and 12(b)(6) (failure to state a claim upon which relief can be granted).[2]

### A.   Lack of jurisdiction

In determining whether the district court has subject matter jurisdiction of a claim under Rule 12(b)(1), the district court must assume that plaintiff's allegations are true and must construe the allegations in a light most favorable to plaintiff. *Little Traverse Bay Bands of Odawa Indians v. Great Spring Waters of America, Inc.*, 203 F.Supp.2d 853, 855 (W.D. Mich. 2002). "Relief is appropriate only if, after such construction, it is apparent to the district court that there is an absence of subject matter jurisdiction." *Id.* In the present case, the court is faced with reviewing an amended complaint filed by a *pro se* plaintiff. The court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). On page 3 of his amended complaint, plaintiff states that his claim is

---

[2] Defendant seeks to dismiss plaintiff's amended complaint pursuant to Fed. Rules Civ. Proc. 12. However, counsel has failed to provide this court with the particular subsections of Rule 12 upon which it relies, suggests no standard of review, provides no citations to relevant caselaw and sets forth only a cursory argument in its 1 1/2 page supporting brief.

brought pursuant to "Title VIII, U.S. Fair Housing Civil Rights Act of 1968, as amended, Effective March 12, 1989: Title 42 USC 3617 Sec. 818 and MCLA 600.2907, MSA 27A.2907."

Title 42 U.S.C. § 3617 provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected by section 803, 804, 805, or 806 [i.e., 42 U.S.C. §§ 3603, 3604, 3605, or 3606]."[3] Pursuant to 42 U.S.C. § 3613(a)(1)(A), an aggrieved person may commence a civil action in an appropriate United States district court not later than two years after the occurrence or the termination of an alleged discriminatory housing practice, such as § 3617.

In Count 1 of his amended complaint, plaintiff alleges that defendant pursued an unsuccessful eviction suit against him in retaliation for his attempts "to inform neighbors of Fair and Equal Housing Rights, Civil Rights and Civil Liberties with brochures, booklets and handwritten Notices." Assuming that plaintiffs' allegations are true, and construing these allegations in a light most favorable to him, the court concludes that it has subject matter jurisdiction over this controversy for an alleged violation of a federal statute, 42 U.S.C. § 3617. *See Little Traverse Bay Bands*, 203 F.Supp.2d at 855; 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) should be denied.

---

[3] Section 3603 relates to the effective date and exemptions to the Fair Housing Act. Section 3604 makes it unlawful to discriminate in the sale or rental of housing. Section 3605 makes it unlawful to discriminate in residential real estate-related transactions. Section 3606 makes it unlawful to discriminate in the provision of brokerage services related to the sale or rental of dwellings. *See* 42 U.S.C. §§ 3603-06.

B.     **Failure to state a claim**

Finally, defendant seeks dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998).

The court agrees with defendant that plaintiff's amended complaint is rather difficult to read. The court also agrees with defendant that the record does not support plaintiff's allegation that his suit was removed from state court to federal court. Nevertheless, the court concludes that plaintiff has stated a claim under § 3617. In *Stackhouse v. DeSitter*, 620 F. Supp. 208, 210-11 (N.D. Ill. 1985) the court found that § 3617 made it unlawful to coerce, intimidate, threaten, or interfere with any person in three distinct circumstances: "(1) in the exercise or enjoyment of any right protected by §§ 3603-3606; (2) on account of the person's having exercised or enjoyed such right; and (3) on account of his having aided or encouraged any other person in the exercise or enjoyment of such a right." *Stackhouse*, 620 F. Supp. at 210-11. Although plaintiff does not identify himself as a member of a protected class, a § 3617 action is not limited to members of a protected class. In *Frazier v. Rominger*, 27 F.3d 828 (2nd Cir.1994), the court pointed out that § 3617 protects two distinct groups of individuals. "First, it safeguards members of the protected class from coercion,

5

intimidation, threats, or interference in the exercise of enjoyment of their Fair Housing Act rights." *Frazier*, 27 F.3d at 833. "Second, it protects third parties, not necessarily members of the protected class, who aid or encourage protected class members in the exercise or enjoyment of their Fair Housing Act rights." *Id.*

Because plaintiff does not allege that he is a member of a protected class, the only possible claim he can assert under § 3617 is that he aided or encouraged another person in exercising or enjoying their rights under §§ 3603-06 of the Fair Housing Act. *See, e.g., Berlickij v. Town of Castleton*, 248 F.Supp.2d 335, 346 (D.Vt. 2003) ("Because [plaintiff] has not claimed that she is a member of a protected class, she must be able to prove at trial that she was an individual who aided or encouraged members of a protected class in the exercise or enjoyment of their Fair Housing Act rights, and that she, not members of the protected class, suffered coercion, intimidation, threats or interference"); *Stackhouse*, 620 F. Supp. at 211 ("[o]ne example of a situation falling within the scope of the third phrase is when an apartment building owner fires or retaliates against a building manager who has rented a unit to a black (or other minority member) against the owner's wishes"); *Wilkey v. Pyramid Construction Co.*, 619 F. Supp. 1453, 1454 (D. Conn. 1985) (§ 3617 allowed claim by non-minority rental agent or secretary who was terminated for refusing to discriminate against minorities seeking housing).

Here, plaintiff alleges that defendant pursued an unsuccessful eviction suit against him in retaliation for his attempts "to inform neighbors of Fair and Equal Housing Rights, Civil Rights and Civil Liberties with brochures, booklets and handwritten Notices." Viewing plaintiff's

amended complaint in a light most favorable to him and accepting its well-pleaded facts as true, the court concludes that plaintiff has stated a cause of action under 42 U.S.C. § 3617.[4]

## Recommendation

Accordingly, I respectfully recommend that defendant's motion to dismiss (docket no. 26) be DENIED.

Dated:  July 5, 2005                 /s/ Hugh W. Brenneman, Jr.
                                    Hugh W. Brenneman, Jr.
                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[4] Defendant's motion to dismiss did not contest the adequacy of plaintiff's state law claims. Accordingly, the court did not address the adequacy of these claims.