UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WAYNE P. BUCHANAN,**

      **Plaintiff,**

                                                                                      Case No. 1:04-CV-436

**v.**                                                                                           Hon. Gordon J. Quist

**GREEN MEADOW VILLAGE, L.L.C.,**

      **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff has filed a federal action pursuant to 42 U.S.C. § 3617 (the Fair Housing Act). This matter is now before the court on defendant's motion to dismiss pursuant to Fed. Rules Civ. Proc. 12 (docket no. 143). This matter has been referred to the undersigned for adjudication on a report and recommendation. The court will address defendant's motion without oral argument pursuant to W.D. Mich. LCivR 7.2(d).

      **II.**      **Standard of Review**

Plaintiff has moved for summary judgment pursuant to Fed. Rules Civ. Proc. 56(b). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### III. Discussion

#### A. Statute of Limitations

First, defendant contends that plaintiff's complaint is untimely. A Fair Housing Act claim must be brought within "two years after the occurrence or termination of the alleged discriminatory housing practice, or breach of a conciliation agreement." 42 U.S.C. § 3613(a)(1)(A). In its supporting brief, defendant argues that "the alleged retaliatory act occurred no later than December 20, 2002. Thus plaintiff's complaint had to be filed on or before December 20, 2004." Defendant's Brief at 2. Defendant goes on to state that "plaintiff filed his complaint on March 23, 2005 and his complaint is barred by the statute of limitations." *Id.*

The assertion by defendant that plaintiff filed his complaint on March 23, 2005 is simply wrong. Plaintiff filed his complaint on June 29, 2004. *See* docket no. 1. Defendant correctly points out that this complaint was stricken from the record on August 26, 2004 because it did not conform to the federal and local court rules. *See* docket no. 11. However, the court allowed plaintiff to re-file his complaint within 21 days. Plaintiff complied and filed his amended complaint on September 15, 2004. *See* docket no. 12. The court's order striking plaintiff's complaint did not

terminate this suit with prejudice. Rather, the court's order invited plaintiff to amend his complaint, which he did. The amended complaint related back to the date of the original complaint. *See* Fed. Rules Civ. Proc. 15(c)(2) (amended pleading relates back to the date of the original pleading when "the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"). Furthermore, even if the court viewed the amended complaint as instituting a "new" suit, the amended complaint was filed within the two-year statute of limitations.

Defendant's contention that plaintiff did not initiate this suit until the re-issuance of summons on March 23, 2005 is unpersuasive. "A civil action is commenced by filing a complaint with the court." Fed. Rules Civ. Proc. 3. "[U]nder the Federal Rules of Civil Procedure, a civil action is deemed 'commenced' at the time that the complaint is filed without regard to when the defendant is served with process." *Paredes v. City of Odessa*, 128 F.Supp.2d 1009, 1016-17 (W.D. Tex. 2000).

Accordingly, defendant's contention that plaintiff's claim is barred by the statute of limitations should be denied.

      **B.**      **Plaintiff's failure to state a claim**

Next, defendant contends that it is entitled to summary judgment because plaintiff failed to state a claim under the FHA. Plaintiff's suit is brought pursuant to 42 U.S.C. § 3617, which provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected by section 803, 804, 805, or 806 [i.e., 42 U.S.C. §§ 3603, 3604, 3605, or 3606]." *See*

3

Report and Recommendation (July 5, 2005); Order adopting Report and Recommendation (Aug. 1, 2005). Here, the "right" at issue is set forth in 42 U.S.C. § 3604(b), which states that it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."

The court has previously identified the elements of a claim brought pursuant to § 3617 as follows:

> In *Stackhouse v. DeSitter*, 620 F. Supp. 208, 210-11 (N.D. Ill. 1985) the court found that § 3617 made it unlawful to coerce, intimidate, threaten, or interfere with any person in three distinct circumstances: "(1) in the exercise or enjoyment of any right protected by §§ 3603-3606; (2) on account of the person's having exercised or enjoyed such right; and (3) on account of his having aided or encouraged any other person in the exercise or enjoyment of such a right." *Stackhouse*, 620 F. Supp. at 210-11. Although plaintiff does not identify himself as a member of a protected class, a § 3617 action is not limited to members of a protected class. In *Frazier v. Rominger*, 27 F.3d 828 (2nd Cir.1994), the court pointed out that § 3617 protects two distinct groups of individuals. "First, it safeguards members of the protected class from coercion, intimidation, threats, or interference in the exercise of enjoyment of their Fair Housing Act rights." *Frazier*, 27 F.3d at 833. "Second, it protects third parties, not necessarily members of the protected class, who aid or encourage protected class members in the exercise or enjoyment of their Fair Housing Act rights." *Id.*
>
> Because plaintiff does not allege that he is a member of a protected class, the only possible claim he can assert under § 3617 is that he aided or encouraged another person in exercising or enjoying their rights under §§ 3603-06 of the Fair Housing Act. *See, e.g., Berlickij v. Town of Castleton*, 248 F.Supp.2d 335, 346 (D.Vt. 2003) ("Because [plaintiff] has not claimed that she is a member of a protected class, she must be able to prove at trial that she was an individual who aided or encouraged members of a protected class in the exercise or enjoyment of their Fair Housing Act rights, and that she, not members of the protected class, suffered coercion, intimidation, threats or interference"); *Stackhouse*, 620 F. Supp. at 211 ("[o]ne example of a situation falling within the scope of the third phrase is when an apartment building owner fires or retaliates against a building manager who has rented a unit to a black (or other minority member) against the owner's wishes"); *Wilkey v. Pyramid Construction Co.*, 619 F. Supp. 1453, 1454 (D. Conn. 1985) (§ 3617 allowed claim by non-minority rental agent or secretary who was terminated for

4

refusing to discriminate against minorities seeking housing).

Report and Recommendation (July 5, 2005) at 5-6.

Here, defendant contends that plaintiff's distribution of HUD materials to protected class members is insufficient to support a cause of action under § 3617, because there is no evidence that he "aided or encouraged" the class members in the "exercise or enjoyment" of the rights as set forth in the Fair Housing Act. Defendant's Brief at 5. Defendant states that plaintiff's distribution of HUD material was insufficient to support a cause of action because plaintiff "has no idea if any protected class member, as a result of his conduct, ever did anything with the materials or exercised or enjoyed any of the protected rights." *Id.* Defendant is making reference to plaintiff's testimony that plaintiff passed out HUD materials to residents of Green Meadow Village for informational purposes and that he was unaware of whether any of the residents used the materials. Buchanan deposition at 57-58, 66, attached to defendant's brief as Exh. 1.

As an initial matter, defendant cites no authority to support its bald assertion that plaintiff fails to state a cause of action. Defendant's failure to develop a legal argument in support of its position is a sufficient basis to deny its motion on this issue. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

In the alternative, the court may conclude that plaintiff's testimony supports a claim under § 3617. Plaintiff's claim is based upon defendant's alleged acts of retaliation directed against him for distributing materials to protected class members. The applicable HUD regulation, 24 C.F.R. § 100.400(c)(4), states that actions violating § 3617 include "[i]ntimidating or threatening any person

because that person is engaging in activities designed to make other persons aware of, or encouraging such other persons to exercise, rights granted or protected by this part." *See Hall v. Lowder Realty Co., Inc.*, 160 F.Supp.2d 1299, 1322 (M.D. Ala. 2001). Here, plaintiff's distribution of HUD materials to other tenants was an activity "designed to make other persons aware of . . . rights granted or protected by [the FHA]." Nothing in § 100.400(c)(4) requires the "other persons" to actually exercise their rights.

Furthermore, several courts have observed that a violation of § 3617 exists as a claim independent of other FHA violations. *See*, *Zhu v. Countrywide Realty, Co., Inc.*, 165 F.Supp.2d 1181, 1196 (D. Kan. 2001) ("[a] violation of Section 3617 may be shown even absent other violations of the Fair Housing Act"); *Cass v. American Properties, Inc.*, No. 94-C-2977, 1995 WL 132166 at *3 (N.D. Ill. Feb. 27, 1995) (a successful claim under 42 U.S.C. § 3604 "is not a prerequisite to a valid § 3617 cause of action for interference with a party's aid or encouragement of others' enjoyment of fair housing rights") *Michigan Protection & Advocacy Service v. Babin*, 799 F. Supp. 695, 723 (E. D. Mich. 1992), *affirmed* 18 F.3d 337 (6th Cir. 1994) ("a successful claim under § 3604 is not a prerequisite to the bringing of a claim under § 3617"). *Cf. Smith v. Stechel*, 510 F.2d 1162, 1164 (9th Cir. 1975) ("[§3617] deals with a situation where no discriminatory housing practice may have occurred at all because the would-be tenant has been discouraged from asserting [ ] rights").

**Recommendation**

Accordingly, I respectfully recommend that defendant's motion for summary judgment (docket no. 143) be **DENIED**.


Dated:  July 24, 2006               /s/ Hugh W. Brenneman, Jr.
                                    Hugh W. Brenneman, Jr.
                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).