UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

WAYNE P. BUCHANAN,

      Plaintiff,

v.                                             Case No. 1:04-CV-436

GREEN MEADOW VILLAGE, LLC         HON. GORDON J. QUIST

      Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Defendant's Objections to the Report and Recommendation dated July 24, 2006, in which Magistrate Judge Brenneman recommended that Defendant's motion for summary judgment be denied. In particular, the magistrate judge rejected Defendant's claims that Plaintiff's complaint was filed outside of the applicable limitations period and that Plaintiff failed to state a claim under the Fair Housing Act ("FHA"). After conducting a de novo review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Defendant raises three specific objections regarding the report and recommendation. First, Defendant contends that the magistrate judge applied the wrong standard of review in deciding Defendant's motion for summary judgment. Second, Defendant contends that the magistrate judge improperly ignored Fed. R. Civ. P. 4(m) in determining that Plaintiff's action was timely filed. Finally, Defendant contends that the magistrate judge erred in concluding that Plaintiff is not required to show that a protected class member actually exercised his or her rights under the FHA in order to assert a claim based upon aiding or encouraging others to exercise their rights under the FHA.

First, with regard to Defendant's argument that the Court should reject the report and recommendation because the magistrate judge incorrectly applied the standard for a motion to dismiss under Rule 12(b)(6) rather than the standard for a motion for summary judgment under Rule 56 – the basis upon which Defendant brought its motion – while it is true that the magistrate judge stated that the motion was a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court notes that the magistrate judge in fact cited the correct standard of review for a motion for summary judgment and mentioned Defendant's evidentiary materials. More importantly, Defendant fails to explain how the magistrate judge's apparent misstatements regarding the nature of the motion affected the magistrate judge's conclusions.

Second, in arguing that the magistrate judge did not mention Rule 4(m) in his statute of limitations analysis, Defendant fails to comprehend the difference between filing an untimely complaint and failing to serve a defendant within the 120 period set forth in Rule 4(m). The distinction was explained in Fahy v. Page, No. 01 C 7532, 2004 WL 1093376 (N.D. Ill. May 7, 2004), as follows:

> On their first point, to the extent defendants argue that a defendant must be served before the statute of limitations runs, they are mistaken. (Mot. to Dismiss at 3, 6; Reply at 6.) Because it is the filing of the complaint that begins an action, it is the filing of the complaint that must satisfy the statute of limitations. Fed. R. Civ. P. 3. Rule 4(m) requires that, generally, service of summons and complaint be made on a defendant "within 120 days after the filing of the complaint." Fed. R. Civ. P. 4(m). Thus, it is entirely possible, and permissible, that a defendant may not learn about a suit until after the limitations period has expired.

Id. at *3. Defendant's reliance on Rule 4(m) is relevant only to the extent that Defendant was seeking dismissal for failure to serve within the time provided in Rule 4(m). Defendant did not raise such ground in its motion, and the Court notes that Defendant failed to raise that particular defense in its affirmative defenses. Thus, Defendant waived any such ground for dismissal, and its instant argument is without merit.

The Court likewise rejects Defendant's final argument that the magistrate judge failed to apply relevant case law in determining that Plaintiff is not required to show that other persons actually exercised a right under the FHA in order to succeed on his claim. In reaching this conclusion, the magistrate judge cited the applicable HUD regulation, 24 C.F.R. § 100.400(c)(4), which states that actions violating 42 U.S.C. § 3617 include "[i]ntimidating or threatening any person because that person is engaging in activities designed to make other persons aware of, or encouraging such other persons to exercise, rights granted or protected by this part." The magistrate judge noted that Plaintiff's alleged act of distributing HUD materials to other tenants qualified as the type of activity mentioned in § 100.400(c)(4) and that nothing in that regulation requires the other persons to actually have exercised their rights. Finally, the magistrate judge cited several other cases for their holdings that a violation of 42 U.S.C. § 3617 (prohibiting interference, coercion, or intimidation as retaliation for, among other things, aiding or encouraging any person in the exercise or enjoyment of rights under the FHA) may be shown, even where there is no other violation of the FHA. Defendant has cited no case to the contrary, and nothing in Defendant's objection persuades the Court that the magistrate judge's conclusion was erroneous. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 24, 2006 (docket no. 151) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion For Summary Judgment (docket no. 143) is **DENIED**.


Dated: September 7, 2006                                  /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE

3