UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE P. BUCHANAN,

        Plaintiff

vs.

GREEN MEADOW VILLAGE, LLC,

        Defendant.
                                /

Case No. 1:04-CV-436

Hon. Gordon J. Quist

## ORDER

This matter is now before the court on plaintiff's motion for leave to appeal in forma pauperis (docket no. 177), plaintiff's motion for appointment of counsel on appeal (docket no. 179), and Attorney Christopher E. Tracy's motion to withdraw as plaintiff's counsel (docket no. 180).

**Plaintiff's motion for leave to appeal in forma pauperis**

This court granted plaintiff's initial request to commence his suit in forma pauperis. Now, plaintiff seeks leave to appeal in forma pauperis. Plaintiff's request is subject to Fed. R. App. P. 24(a)(3), which provides in pertinent part as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court -- before or after the notice of appeal is filed -- certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding . . .

An appellant's "good faith" is judged by an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Drummer v. Luttrell*, 75 F.Supp.2d 796, 805 (W.D.Tenn. 1999). An appellant demonstrates good faith if he presents a non-frivolous issue for appellate review. *Id.*

The court concludes that plaintiff has one or more non-frivolous issues for appellate review. In this regard, the court notes that defendant has filed a cross-appeal regarding the court's September 7, 2006 order denying defendant's motion for summary judgment.

Accordingly, plaintiff's motion for leave to appeal in forma pauperis (docket no. 177) is **GRANTED**.

### Attorney Tracy's motion to withdraw

This court appointed Attorney Tracy to represent plaintiff pursuant to the Court's *Pro Bono* Appointment Plan on January 5, 2006. *See* docket nos. 111, 117. Once an attorney has appeared on behalf of a party, the local court rules provide that the attorney's "[w]ithdrawal of appearance may be accomplished only by leave of court." W.D. Mich. LCivR 83.3(d). Attorney Tracy has filed a motion to withdraw in compliance with the rule.

In his motion, Attorney Tracy states that he was appointed to represent plaintiff in January 2006; that he represented plaintiff through the November 7, 2006 bench trial; that plaintiff filed a his own notice of appeal of the Court's Opinion and Judgment; that the court did not appoint him to represent plaintiff with respect to the appeal; and that he does not wish to represent plaintiff at the appellate level. While Attorney Tracy also states that his firm has outstanding expenses with respect to the litigation, these expenses are no longer at issue. *See* docket no. 194 (order granting motion for reimbursement of costs). Plaintiff has not filed an objection to Attorney Tracy's motion. On the contrary, it appears that plaintiff has determined to proceed without an attorney by filing a pro se notice of appeal in the Sixth Circuit Court of Appeals and seeking appointment of appellate counsel.

Based on this record, it appears to the court Attorney Tracy has fulfilled the

requirements of his appointment under the Court's *Pro Bono* Appointment Plan. Because this is not a criminal matter, Attorney Tracy is not bound to continue his representation of plaintiff. *See* 6 Cir. R. 101(a) ("Trial counsel in criminal cases, whether retained or appointed by the district court, is responsible for continued representation of the client on appeal until specifically relieved by this Court"). Accordingly, Attorney Tracy's motion to withdraw (docket no. 180) is **GRANTED**.

### Plaintiff's motion for appointment of counsel on appeal

Finally, plaintiff seeks appointment of appellate counsel. Plaintiff's motion is not properly before this court. Plaintiff's pro se appeal is pending in the Sixth Circuit Court of Appeals. *See Buchanan v. Green Meadow Village, LLC*, No. 06-2632 (6th Cir.). The Sixth Circuit regulates the admission and conduct of the attorneys practicing before it. *See*, e.g., Fed. R. App. P. 46, 6 Cir. R. 46. Plaintiff should address his request for appointment of counsel to that court. Accordingly, plaintiff's motion for appointment of counsel on appeal (docket no. 179) is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 23, 2007        /s/ Hugh W. Brenneman, Jr.
                                Hugh W. Brenneman, Jr.
                                United States Magistrate Judge